# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BIELINSKI HOMES, INC.,
a Wisconsin limited liability company,

*Plaintiff,*

vs.                                              Case No. 07-C-00608

ALLAN BUILDERS & DEVELOPERS, LLC,
a Wisconsin limited liability company,
BRUCE PANOR and KATHI PANOR,

*Defendants.*

## STIPULATED CONSENT DECREE
## PERMANENT INJUNCTION AND
## ORDER OF DISMISSAL

Plaintiff Bielinski Homes, Inc. ("Bielinski") and defendants Bruce and Kathi Panor ("Panor"), having mediated this matter on May 29, 2008 before U.S. Magistrate Judge Aaron E. Goodstein, and having resolved their differences with each other in a manner whereby no party admits any liability or wrongdoing, consent, stipulate and agree to the entry by the Court of the following consent decree, permanent injunction and order of dismissal as their settlement agreement:

1. Nothing in this document constitutes an admission by any party of any liability or wrongdoing.

2. Defendants are permanently enjoined from using Bielinski's sales brochure, technical drawings and architectural works or any other technical drawings or building plans

(hereinafter "items") prepared on their behalf that were used for the construction of defendants' home at 1295 Niagara Road, Oconomowoc, Wisconsin.

3. There shall be no security bond for any of the above permanent injunctions.

4. Defendants shall provide a written, sworn declaration to the Court and Bielinski's counsel of record within five (5) days of the entry of this document by the Court confirming that the Defendants have complied with the terms of this document.

5. If a party believes any other party is materially violating the terms of this document, the party may seek to enforce such terms by filing with the Court and serving on opposing counsel a motion supported by an affidavit or other proof showing such alleged violation and requesting that the Court order the other party to show cause why it should not be found in contempt of court.

6. By signing this document below, the parties consent to these stipulated and agreed terms as constituting a permanent injunction and order of the Court which is binding upon the parties to this action, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

7. The Court shall maintain jurisdiction of this matter solely for purposes of interpreting and enforcing this document.

8. The Defendants shall account to Bielinski for, stop using and agree to never transfer to any party, other than Bielinski, any of the items or representations of the items which are the subject of injunctive relief in this document. Further, the Defendants shall pay to Bielinski, within 30 days of the date of this Agreement, the sum of Five Thousand and no/100 Dollars ($5,000.00).

9. Bielinski and the Defendants desire to settle and compromise any and all matters which are or have been the subject of Case No. 07-CV-608 without any party admitting any liability, and to release one another from any conceivable asserted or unasserted claims or causes of action known and unknown that any party has against the other parties or their attorneys existing as of the date of this document. Accordingly:

(a) For valuable consideration as stated in this document, Bielinski, for itself and its successors and assigns, hereby releases all claims of whatever nature that it may have against the Defendants, their affiliates, successors in interest, insurers, assigns, agents, attorneys, representatives, officers, directors, shareholders and employees, which have arisen from any act, occurrence, transaction, omission or communication which transpired or occurred at any time before or on the date of this document; provided, however, that this document will not prevent any party from asserting a claim against the other party in the event the other party materially breaches this document.

(b) For valuable consideration as stated in this document, the Defendants hereby release all claims of whatever nature that they may have against Bielinski, its affiliates, successors in interest, insurers, assigns, agents, attorneys, representatives, officers, directors, shareholders and employees which have arisen from any act, occurrence, transaction, omission or communication which transpired or occurred at any time before or on the date of this document; provided, however, that this document will not prevent any party from asserting a claim against the other party in the event the other party materially breaches this document.

10. Bielinski and the Defendants are agreeing to this settlement to avoid delay, expense, inconvenience and the risks and uncertainties of litigation. Neither the signing of

3

this document nor the $5,000.00 settlement payment from the Defendants to Bielinski shall constitute an admission of liability or establish a precedent on behalf of Bielinski or the Defendants, but rather this document is being entered into by the parties as a full and final settlement, compromise and an accord and satisfaction of disputed claims, counterclaims, cross-claims and third-party claims in order to buy their peace.

11. Bielinski and the Defendants agree that each waives, and will indemnify and hold the other and its attorneys harmless from and against, any and all claims, lawsuits, civil actions, proceedings and demands for attorneys' fees, court costs, disbursements or other legal expenses which Bielinski and the Defendants incurred as a result of or in connection with the dispute between Bielinski and the Defendants regarding the matters which are or have been the subject of Case No. 07-CV-608, and the events leading up to the execution of this document.

12. No party shall seek enforcement of this settlement agreement and order of the Court without first providing written notice to the allegedly breaching party and permitting that party 21 days to cure such alleged material breach. In the event a party seeks enforcement through judicial proceedings, the party which prevails in such enforcement shall be entitled to recover from the non-prevailing party any and all reasonable and actual damages, costs and expenses the prevailing party incurs, including but not limited to the reasonable, actual attorneys' fees, court costs and disbursements and other legal expenses it incurs in enforcing the terms of this settlement agreement and order of the Court.

13. All claims, counterclaims, cross-claims and third-party claims asserted in this action shall be and hereby are dismissed on the merits, with prejudice, without attorney's fees or costs awarded to any party.

14. This document will be executed in the form of duplicate originals. Each party will maintain one fully-executed duplicate original. Any duplicate original will be admissible in evidence. This document may not be modified or amended except by writings signed by all the parties.

15. This document may be executed on separate counterparts, each of which shall constitute an original of this document and all of which taken together shall constitute one and the same document. Facsimile signatures to this document shall be deemed to be original signatures for the purposes of creating a binding agreement.

16. This document constitutes the complete settlement agreement, compromise and accord and satisfaction between the parties, and is binding upon and inures to the benefit of Bielinski and the Defendants, and their respective heirs, personal representatives, successors and assigns, however designated.

17. Bielinski and the Defendants acknowledge that they have carefully read this document, understand its contents including its waiver and release of claims, have been given the opportunity to ask any questions they might have concerning this document and its contents, have reviewed this document with their attorneys before executing it, and have signed this document as their free, knowing and voluntary act.

Date: 7/3/08

Bielinski Homes, Inc.

By_____
Its _____President_____

Date: 7/8/08

_____
Timothy S. Clark

5

State Bar No. 1016773
Attorney for Plaintiff
Bielinski Homes, Inc.

Date: June 27, 2008

_____
Bruce Panor

_____
Kathi Panor

Date: June 24, 2008

_____
W. David Shenk
State Bar No. 1065790
Attorney for Defendants
Bruce and Kathi Panor

SO APPROVED AND ORDERED.

Entered this __8TH__ day of July, 2008.

BY THE COURT:

_____
Aaron E. Goodstein
U.S. Magistrate Judge

6